411 Ill. 508 (1952)
104 N.E.2d 280
FRED J. MOWRY et al., Appellees,
v.
THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR et al.  (EDGEWATER BEACH HOTEL COMPANY, Appellant.)
No. 32021.
Supreme Court of Illinois.
Opinion filed January 24, 1952.
Rehearing denied March 17, 1952.
LEDERER, LIVINGSTON, KAHN & ADSIT, of Chicago, (LEO H. ARNSTEIN, DANIEL J. GLUCK, and MAURICE B. WOLF, of counsel,) for appellant.
DAVID KATZ, and H. LEO NYE, both of Chicago, for appellees.
IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for the Department of Labor on rehearing.
Judgment reversed; decision confirmed.
*509 Mr. JUSTICE SCHAEFER delivered the opinion of the court:
A judgment of the circuit court of Cook County reversed a decision of the Board of Review of the Department of Labor, denying claims of Fred J. Mowry and nine others for benefits as employees of the Edgewater Beach Hotel Company under the Unemployment Compensation Act for varying periods during the years 1946 and 1947. The hotel company prosecutes this appeal.
The hotel company (hereinafter defendant) operates the Edgewater Beach Hotel, in Chicago. The hotel is a large establishment of about 1000 rooms, its principal function being to provide living accommodations for transient and permanent guests. It operates several dining rooms and an open-air pavilion where dinner music, dance music, and other entertainment are provided for guests and patrons of the hotel. To provide the music, defendant utilizes booking agents to obtain widely known and popularly accepted orchestra leaders. Defendant entered into written contracts in 1946 and 1947 with Henry Brandon, Stephen Kisley and Jack Cavan, who are orchestra leaders. These contracts bear the designation "Form B" and were prepared by the American Federation of Musicians. They described the hotel as the "employer," and the "Leader" and a specified number of musicians, not identified by name, as the "employees." In each instance the contract was executed by or on behalf of the orchestra leader and also by the booking agent as "Representative of Employees."
The pertinent provisions of the three contracts here involved are identical. That executed by defendant and Kisley is illustrative. By its terms it is a contract for personal services between the employer and the employees. The employees agree to render services collectively to the employer as musicians under the leadership of Kisley. The employer agrees to pay a lump sum weekly to the band leader for the services of the orchestra for one week. The hours of *510 employment and duration of the engagement are stated. It is provided that the employer shall, at all times, have complete control of the services to be rendered by the employees; that on behalf of the employer the leader will distribute the amount received from the employer to the employees, including himself, as indicated in a schedule to be supplied to the employer, and turn over to the employer receipts from each employee, including himself; that the leader, on behalf of the employer, is authorized to replace any employee who, by illness, absence or for any other reason, does not perform any or all of the services provided for under the contract, and that all the rules, laws and regulations of the American Federation of Musicians, and of the local union in whose jurisdiction the musicians perform, are a part of the contract.
Each of the ten plaintiff musicians was engaged as a member of his orchestra by one of the three leaders. None of the three orchestras was organized for the purpose of performing solely at the Edgewater Beach Hotel; each was an independently established organization operated and controlled by its leader, and each was in the business of meeting engagements at various hotels and other establishments made for them by their booking agents. Each leader selected, hired, directed, controlled and terminated the employment of his musicians at his own discretion. He fixed and paid them their salaries, trained them, fixed and directed rehearsals, controlled their conduct in the establishments where they performed, and designated the cities in which, and the places where, they were to play, as well as the period and hours of each engagement. Defendant had no direct contact with any of the members of the orchestra for any purpose. As one claimant testified, "I didn't get instructions from anybody but Mr. Kisley. I didn't get any instructions from the hotel on any point but if I was not in line it would be called to the attention of the leader and I'd be told about it." Another testified, *511 "While I was engaged with Mr. Brandon, we were told by Mr. Brandon to do and follow certain procedures, schedules, hours of employment. Nobody else connected with the hotel gave us any such instructions. The hotel would tell Mr. Brandon and he would tell us."
Defendant has in its employ an entertainment manager who exercised a degree of control over the leaders in integrating the orchestral music in preparation for floor shows. Pursuant to the contracts, defendant deducted social security and income taxes for each musician. The earnings of each musician were reported to the Division of Unemployment Compensation by defendant.
In 1948, each of the plaintiffs filed claims for unemployment compensation benefits based on wages paid to them in this State during one or both of the years 1946 and 1947. A deputy of the Division of Unemployment Compensation made findings that the respective claimants were eligible for benefits, and designated defendant as the employer with respect to the wages paid to each of the plaintiffs while the orchestras performed at defendant's hotel. Appeals were taken by defendant, evidence was heard, and a referee rendered a decision finding that each of the claimants was in the employ of the respective leader of the orchestra with which he performed and was not in the employ of the defendant. Plaintiffs appealed to the Board of Review of the Department of Labor which affirmed the decision of the referee. Thereafter, plaintiffs instituted the present proceeding under the Administrative Review Act, naming as principal defendant the Edgewater Beach Hotel Company. The circuit court of Cook County reversed the decision of the Board of Review. This appeal followed.
The question presented is whether the obligation to make the employer's contributions under the Illinois Unemployment Compensation Act falls upon the defendant or upon the orchestra leaders. Admittedly, the wages of the *512 plaintiff musicians are employment wages under a contract to hire and are subject to unemployment contributions by the employer. Identification of the employer, as between the defendant and the orchestra leaders for the purpose of fixing liability for contributions under the act does not affect the right of the musicians to benefits. (Lindley v. Murphy, 387 Ill. 506.) The sole question is, who is the employer?
Defendant contends that both section 2.1 and section 2(f)(5) of the act (Ill. Rev. Stat. 1949, chap. 48, pars. 218.1, 218,) exclude it from liability as employer. Plaintiffs assert that defendant is liable as employer under the latter section and that the former section is inapplicable. We consider first section 2.1, which was added by amendment in 1945. To the extent relevant, it provides: "Notwithstanding any provisions of this Act to the contrary, * * *: (a) The term `employer' shall include, in addition to those employing units which are employers under the provisions of Section 2(e), any employing unit which is an `employer' under the provisions of the Federal Unemployment Tax Act. (b) The term `employment' shall include, in addition to those services which constitute `employment' under the provisions of Section 2(f), any services performed within the State which constitute `employment' under the provisions of the Federal Unemployment Tax Act."
By this section, which by its terms overrides any contrary provisions, one who is an employer under the Federal Unemployment Tax Act is by that fact also an employer under the Illinois act. Bartels v. Birmingham, 332 U.S. 126, interpreted the Federal statute as it applied to circumstances strikingly similar to those here presented. It was there held that the orchestra leader and not the operator of the dance hall at which the orchestra fulfills an engagement is the "employer" of the musicians and is responsible for the employer's contributions under the Federal *513 Unemployment Tax Act. The court refused to be bound by the language of the Form B contract (identical with those here involved) to the effect that the ballroom operator is the employer of the musicians and of their leader, and "shall at all times have complete control of the services which the employees will render under the specifications of this contract." The decision was concerned with "name bands"  bands which "are built around a leader whose name and distinctive style in the presentation and rendition of dance music, is intended to give each band an individuality. The leader contracts with different ballroom operators to play at their establishments for a contract price." Noting the leader's "complete control over the orchestra," the court concluded that he was the employer, within the meaning of the Federal act, observing: "We are of the opinion that the elements of employment mark the band leader as the employer in these cases. The leader organizes and trains the band. He selects the members. It is his musical skill and showmanship that determines the success or failure of the organization. The relations between him and the other members are permanent; those between the band and the operator are transient. Maintenance costs are a charge against the price received for the performance. He bears the loss or gains the profit after payment of the members' wages and other band expenses." Additional elements of control noted in the opinion were that the leader employs and discharges the musicians, fixes their salaries, pays them, and tells them what and how to play.
The circumstances here are not distinguishable from the Bartels case. That the bands there were engaged in most instances for one-night stands, while here some of the engagements lasted several weeks, is not determinative. The basis of decision was much more fundamental: "* * * in the application of social legislation employees are those who as a matter of economic reality are dependent upon *514 the business to which they render service." In our opinion, the three band leaders, and not the defendant, were responsible for the employer's contributions under section 2.1 of the Unemployment Compensation Act.
Our view as to the effect of section 2.1 makes it unnecessary to consider defendant's further contention that the same result would follow under section 2(f)(5) of the act. The judgment of the circuit court of Cook County is reversed and the decision of the Board of Review of the Department of Labor is confirmed.
Judgment reversed; decision confirmed.